IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:                             ) | |
| ) | CASE NO. BK16-40874 |
| MONROE LOVE, JR., and                         ) | A16-4025 |
| RONESHA SIMONE LOVE,                          ) | |
| ) | CHAPTER 7 |
| Debtor(s).              ) | |
| OMAHA FEDERAL CREDIT UNION,          ) | |
| ) | |
| Plaintiff,                    ) | |
| ) | |
| vs.                         ) | |
| ) | |
| MONROE LOVE, JR.,                             ) | |
| ) | |
| Defendant.                 ) | |

ORDER

This matter is before the court on the plaintiff's motion for default judgment (Fil. No. 10). Justin A. Roberts represents the plaintiff. No appearance has been entered for the debtor.

A creditor filed this adversary proceeding to except the debt owed to it from discharge.

In 2014, the debtor purchased a 2013 GSXR600L3 Suzuki motorcycle from Star City Motor Sports in Lincoln, Nebraska, for $12,441.00. He signed a retail installment contract and security agreement for that amount. The contract and security agreement were assigned to Omaha Federal Credit Union, whose lien was noted on the title certificate. Sometime thereafter, the motorcycle was damaged or destroyed. After the debtor and his wife filed a Chapter 7 bankruptcy petition in May 2016, the credit union learned that the debtor no longer possessed the motorcycle and that, contrary to the provisions of the security agreement, he had not insured the motorcycle. The evidence submitted by the creditor includes the debtor's answers to interrogatories in which he admits to not insuring the motorcycle and disposing of the motorcycle after it was damaged.

The creditor seeks to have the $16,536.05 obligation owed to it under the loan documents excepted from discharge under 11 U.S.C. § 523(a)(2)(A) because the debtor used false pretenses, false representations, or actual fraud to obtain the funds for the purchase by representing that he would insure the motorcycle. The creditor also seeks to except the discharge under § 523(a)(6) because the debtor willfully and maliciously caused injury to the creditor's collateral. Finally, the creditor references §§ 727(a)(2)(A), (a)(4), and (a)(5) as additional bases for holding the debtor responsible for the loss of the collateral.

The creditor served the summons and a copy of the complaint on the debtor on September 20, 2016, via first-class mail at two addresses where the debtor is known to reside. The answer date of October 16, 2016, passed with no response from the debtor. The creditor has now moved for default judgment in its favor.

The motion's prayer asks for the debt to be declared non-dischargeable under § 523(a), not that the debtor be denied a discharge under § 727, so the judgment will be entered accordingly.

IT IS ORDERED: Omaha Federal Credit Union's motion for default judgment (Fil. No. 10) is granted as to the non-dischargeability of the debt under § 523. It is denied to the extent it requests denial of discharge under § 727. Separate judgment will be entered.

DATED:  December 23, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Justin A. Roberts
    Monroe Love, Jr.
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.